UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FREDERICK KRONE,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>T.L. GONZALEZ, Warden, *et al.*<br><br>　　　　　　　　　　Respondent. | Civil No.　　11cv1047 DMS (WMc)<br><br>**ORDER DENYING PETITIONER'S REQUEST FOR APPOINTMENT OF COUNSEL WITHOUT PREJUDICE** |

**I.　INTRODUCTION**

The petitioner Daniel Frederick Krone ("Petitioner"), a state prisoner proceeding *pro se*, has requested appointment of counsel in connection with a First Amended federal habeas corpus petition filed July 8, 2011. [Doc. Nos. 9, 14.] He maintains he has trouble meeting court deadlines and that the subject of the litigation is particularly complex. [Doc. No. 10 at p. 4.] Petitioner contends these issues illustrate a need for court-appointed counsel. *Id.* After reviewing Petitioner's claims, this Court denies his request for appointment of counsel without prejudice.

**II.　STANDARD OF REVIEW**

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. *McCleskey v. Zant,* 499 U.S. 467, 495 (1991); *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986); *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); *Terrovona v. Kincheloe*, 912 F.2d 1176, 1181 (9th Cir. 1990);

-1-

*Bashor v. Risley*, 730 F.2d 1228, 1234 (9th Cir. 1984); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994).

## III. DISCUSSION

### A. Propriety of Appointment Of Counsel

To determine if appointment of counsel is appropriate for Petitioner, the Court must examine the possibility and extent of due process violations that may arise as Petitioner proceeds *pro se*. In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." *Chaney*, 801 F.2d at 1196; *Knaubert*, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too complex for the petitioner. In addition, the appointment of counsel may be necessary if the petitioner has such limited education that he or she is incapable of presenting his or her claims. *Hawkins v. Bennett*, 423 F.2d 948, 950 (8th Cir. 1970).

In the Eighth Circuit, "[t]o determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdullah v. Norris*, 18 F.3d at 573 (citing *Battle v. Armontrout*, 902 F.2d 701, 702 (8th Cir. 1990)); *Hoggard*, 29 F.3d at 471; *Boyd v. Groose*, 4 F.3d 669, 671 (8th Cir. 1993); *Smith v. Groose*, 998 F.2d 1439, 1442 (8th Cir. 1993); *Johnson v. Williams*, 788 F.2d 1319, 1322-23 (8th Cir. 1986). The Ninth Circuit also considers the clarity and coherence of a petitioner's district court pleadings to determine the necessity of appointment of counsel; if clear and understandable, the court usually finds appointment of counsel unnecessary. *LaMere v. Risley*, 827 F.2d 622, 626 (9th Cir. 1987); *see also Chu Tran v. Malfi*, No. C 06-6374, 2007 WL 988117, at *2 (N.D. Cal. Apr. 2, 2007).

When determining if due process requires appointment of counsel, the Court utilizes the record before it to address the matter. After reviewing Petitioner's First Amended federal habeas petition and supplemental materials, it appears Petitioner has an adequate grasp of the case and the legal issues involved. Specifically, Plaintiff has articulated his claims in a lengthy First Amended

1  Petition and has been able to file a multitude of exhibits in support of his amended petition. [Doc.
2  No. 14.] Therefore, this Court finds no appointment of counsel is necessary at this time.
3        The Court further notes "[w]here the issues involved can be properly resolved on the basis of
4  the state court record, a district court does not abuse its discretion in denying a request for court-
5  appointed counsel." *Hoggard*, 29 F.3d at 471; *McCann v. Armontrout*, 973 F.2d 655, 661 (8th Cir.
6  1992); *Travis v. Lockhart*, 787 F.2d 409, 411 (8th Cir. 1986) (per curiam) (holding that district court
7  did not abuse its discretion in denying § 2254 habeas petitioner's motion for appointment of counsel
8  where allegations were properly resolved on basis of state court record). At this early stage of the
9  proceedings, when no answer or response from defendants is yet on file, it appears the Court will be
10 able to properly resolve the issues involved on the basis of the state court record.
11       In addition, "[t]he procedures employed by the federal courts are highly protective of a *pro*
12 *se* petitioner's rights. The district court is required to construe a *pro se* petition more liberally than it
13 would construe a petition drafted by counsel." *Knaubert*, 791 F.2d at 729 (citing *Haines v. Kerner*,
14 404 U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam));
15 *Bashor*, 730 F.2d at 1234. "The district court must scrutinize the state court record independently to
16 determine whether the state court procedures and findings were sufficient." *Knaubert*, 791 F.2d at
17 729; *Richmond v. Ricketts*, 774 F.2d 957, 961 (9th Cir.1985); *Rhinehart v. Gunn*, 598 F.2d 557,
18 558 (9th Cir.1979) (per curiam); *Turner v. Chavez*, 586 F.2d 111, 112 (9th Cir.1978) (per curiam).
19 Even when the district court accepts a state court's factual findings, it must render an independent
20 legal conclusion regarding the legality of a petitioner's incarceration. *Miller v. Fenton*, 474 U.S.
21 104, 112 (1985). The district court's legal conclusion, moreover, will receive de novo appellate
22 review. *Hayes v. Kincheloe*, 784 F.2d 1434, 1436 (9th Cir. 1986). Because this Court denies
23 Petitioner's motion for appointment of counsel, it must "review the record and render an
24 independent legal conclusion." *Knaubert*, 791 F.2d at 729. Moreover, because the Court does not
25 appoint counsel, it must "inform itself of the relevant law. Therefore, the additional assistance
26 provided by attorneys, while significant, is not compelling." *Id.*
27 ///
28 ///

## IV. CONCLUSION AND ORDER THEREON

For the above-stated reasons, the "interests of justice" in this matter do not compel the appointment of counsel. Accordingly, Petitioner's request for appoint of counsel is **DENIED** without prejudice.

**IT IS SO ORDERED.**

DATED: August 31, 2011

_____
Hon. William McCurine, Jr.
U.S. Magistrate Judge
United States District Court