# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL FREDERICK KRONE, | Civil No.  11cv1047 DMS (WMc) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION RE: GRANTING MOTION TO DISMISS** |
| T.L. GONZALEZ, Warden, *et al.* | |
| Respondent. | |

## I.    INTRODUCTION

Daniel Frederick Krone, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 challenging his San Diego County Superior Court conviction and sentence in case number SCD115011 for two counts of second degree murder. (Lodgment No. 1.)

In his federal petition, Krone alleges ineffective assistance of counsel, jury instruction errors, prosecutorial misconduct and sentencing errors.  (ECF No. 9 at 4.)  Respondent has filed a motion to dismiss arguing that the petition should be dismissed because it was filed beyond the one year statute of limitations contained in 28 U.S.C. § 2244(d).  (Mot. to Dism., ECF 20-1 at 4.)

The Court has considered the First Amended Petition, Respondent's Motion to Dismiss and Memorandum of Points and Authorities in Support of the Motion, Petitioner's Response in Opposition to the Motion, Petitioner's Traverse and all the Lodgments and extensive exhibits submitted by the

-1-

1  parties. Based upon the documents and evidence presented in this case, and for the reasons set forth

2  below, the Court recommends that Respondent's Motion to Dismiss be **GRANTED**.

3  **II.     PROCEDURAL BACKGROUND**

4  On July 26, 1996 , Daniel Frederick Krone was convicted of two counts of second degree murder

5  and assault by means likely to produce great bodily injury. (Lodgment No. 1.) The San Diego Superior

6  Court sentenced him to thirty-nine years to life in prison. (*Id.*) Krone appealed the conviction, which

7  was affirmed by the appellate court on March 4, 1998. (Lodgment No. 2.) Review was denied by the

8  California Supreme Court on June 10, 1998. (Lodgment No. 3.)

9  Krone filed his first habeas corpus petition in the San Diego Superior Court on February 26,

10 2007, which was denied on April 23, 2007. (Lodgment Nos. 4, 5.) Krone then filed a petition for writ

11 of habeas corpus in the California Court of Appeal on June 25, 2007. (Lodgment No. 6.) The court

12 denied the petition on September 6, 2007. (Lodgment No. 7.) On September 25, 2007, Krone filed a

13 habeas corpus petition in the California Supreme Court, which the court denied on March 12, 2008,

14 citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Swain*, 34 Cal. 2d 300, 304 (1949) and *People*

15 *v. Duvall*, 9 Cal. 4th 464, 474 (1995). (Lodgment Nos. 8, 9.)

16 Krone filed another habeas corpus petition in the Superior Court on December 11, 2008, which

17 was denied on October 27, 2009. (Lodgment No. 11.) Krone then filed a request for reconsideration

18 on February 24, 2010, which was denied by the Superior Court on April 15, 2010 (Lodgment Nos. 12,

19 13.) On May 21, 2010, Krone filed a petition for writ of habeas corpus in the California Court of

20 Appeal, which was denied on June 30, 2010. (Lodgment Nos. 14, 15.) On August 30, 2010, Krone filed

21 a second habeas corpus petition in the California Supreme Court, which the court denied on April 13,

22 2011, again citing *In re Robbins*, 18 Cal. 4th 770, 780 (1998); *In re Swain*, 34 Cal. 2d 300, 304 (1949)

23 and *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) in addition to *In re Waltreus*, 62 Cal. 2d 218, 225

24 (1965), *In re Clark*, 5 Cal. 4th 750, 767-69, and *In re Miller*, 17 Cal. 2d 734, 735 (1941). (Lodgment

25 Nos. 16, 17.)

26 Krone filed a Federal Habeas Corpus Petition on May 12, 2011. [ECF No. 1] He then filed a

27 First Amended Federal Habeas Corpus Petition on July 8, 2011 [ECF No. 9]. Respondent filed a motion

28

1  to dismiss on November 10, 2011. [ECF No. 20]  Krone filed an opposition to the motion and Traverse

2  to the First Amended Petition on December 9, 2011.  [ECF Nos. 22, 23].

3  **III.  DISCUSSION**

4  Under 28 U.S.C. § 2244(d), a petitioner has one year from the date his or her conviction is final

5  to file a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  *See* 28 U.S.C.

6  § 2244(d).  The statute of limitations, however, is subject to both statutory and equitable tolling.  *See*

7  28 U.S.C. § 2244(d)(1); *Calderon v. United States Dist. Court (Beeler)*, 128 F.3d 1283, 1288 (9th Cir.

8  1997), *overruled on other grounds by Calderon v. United States Dist. Court (Kelly)*, 163 F.3d 530, 540

9  (9th Cir. 1998).

10  **A.  Commencement of the One-Year Statute of Limitations**

11  Krone was convicted on July 26, 1996.  (Lodgment No. 1.)  Krone appealed the conviction,

12  which was affirmed by the appellate court on March 4, 1998.  (Lodgment No. 2.)  Review was denied

13  by the California Supreme Court on June 10, 1998.  (Lodgment No. 3.)  As Respondent correctly notes,

14  Krone's conviction thus became final ninety days later on September 8, 1998.  See Sup. Ct. R. 13.1,

15  *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).  Absent any statutory or equitable tolling, he

16  had until September 8, 1999 to file his federal habeas petition.  28 U.S.C. § 2244(d).  Krone filed his

17  original federal habeas petition on May 12, 2011, twelve years after the one-year limitations period set

18  forth in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. No. 104-132, 110 Stat.

19  1214; 28 U.S.C. § 2254(d), had expired.  [ECF No. 1.]

20  Krone contends in his opposition that he was unable to file a federal habeas corpus petition

21  within the one-year limitations period because he was unable to find counsel after the California

22  Supreme Court issued its denial. [ECF No. 22 at p.2; ECF No. 23 at p. 11-12.]  Krone further explains

23  in his Traverse that he began legal research on his own after he could not locate an attorney, however,

24  the institution where he was housed was "on lockdown" making it difficult to access the prison library.

25  In addition, Krone states his receipt of voluntary mental health treatment and medication made it

26  difficult for him to concentrate on legal procedures, which he found complex. [ECF No. 23 at p. 11-12.]

27  ///

28  ///

**B.      Statutory Tolling**

28 U.S.C. § 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review . . .is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Krone did not file his first state habeas petition until February 26, 2007. Using the September 8, 1999 date, Krone's first state habeas corpus petition was filed more than seven years after the statute of limitations provided for in 28 U.S.C. § 2244(d) had already expired. (*See* Lodgment No. 4.) Thus, Krone is not entitled to any statutory tolling as a result of the habeas corpus petitions he filed in state court.

**C.      Equitable tolling**

"To be entitled to equitable tolling, [Petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007), quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005). Equitable tolling is unavailable in most cases, and "the threshold necessary to trigger equitable tolling is very high, lest the exceptions swallow the rule." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002). Petitioner bears the burden to show that the "extraordinary circumstances" he has identified were the proximate cause of his untimeliness, rather than merely a lack of diligence on his part. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Krone claims he failed to receive adequate access to the prison library when his high security facility was "95% on lockdown" from the years 1996 to 2000. [ECF No. 23 at p. 11-12.] Lack of access to legal materials may be sufficient basis upon which to grant equitable tolling. *See Lott v. Mueller*, 304 F.3d 918 (9th Cir. 2002). Using the September 8, 1998 date of finality, Krone's federal habeas corpus petition would have been due September 8, 1999 absent tolling. Assuming arguendo, the Court was to equitably toll the statute of limitations period for the four hundred and seventy-nine days from the September 8, 1999 date to the end of the year 2000, the time when Krone was transferred to a prison with a lower security rating and better access to legal materials, the statute would be tolled until January 1, 2001. Section 2244(d)'s statute would begin running again on January 2, 2001 and would expire on January 2, 2002 absent any further tolling. However, even the Court's grant of such a generous equitable tolling period would not assist Krone as the one-year statue of limitations under

-4-

1  section 2244(d) would expire on January 2, 2002 and his federal petition was not filed until May 12,

2  2011.[1]  His federal petition is thus untimely.

3  **V.      CONCLUSION AND RECOMMENDATION**

4          The Court submits this Report and Recommendation to United States District Judge Dana M.

5  Sabraw under 28 U.S.C. § 636(b)(1) and Local Civil Rule HC.2 of the United States District Court for

6  the Southern District of California.  For the reasons outlined above, **IT IS HEREBY**

7  **RECOMMENDED** that the Court issue an Order:  (1) approving and adopting this Report and

8  Recommendation, and (2) directing that Judgment be entered dismissing the Petition with prejudice.

9          **IT IS ORDERED** that no later than **February 10,  2012,** any party to this action may file

10 written objections with the Court and serve a copy on all parties.  The document should be captioned

11 "Objections to Report and Recommendation."

12         **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

13 served on all parties no later than **March 2, 2012**.  The parties are advised that failure to file objections

14 within the specified time may waive the right to raise those objections on appeal of the Court's order.

15 *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir.

16 1991).

17          **IT IS SO ORDERED.**

18  DATED:  January 19, 2012

19                                                        _____

20                                                        Hon. William McCurine, Jr.

21                                                        U.S. Magistrate Judge
                                                         United States District Court

22

23

24

25

26

27

28      [1]  The Court's hypothetical adjustment of Krone's statute of limitations based on equitable tolling does not affect
        the Court's analysis of statutory tolling because Krone filed his first state habeas corpus petition on February 26, 2007, which
        is more than five years after the adjusted one-year statute of limitations would have expired. 28 U.S.C. § 2244(d).